*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 25-BG-1130**

IN RE VAUGHAN C. JONES,
                    Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals
**Bar Registration No. 1018118**                    **DDN: 2025-D014**

BEFORE:   Beckwith, Easterly, and McLeese, Associate Judges.

## O R D E R
(FILED – May 28, 2026)

On consideration of the order of the Virginia State Bar Disciplinary Board suspending respondent from the practice of law for one year and one day effective March 1, 2025, and the order of the Circuit Court for the City of Richmond, Virginia, suspending respondent for one year with terms to run consecutive to the Board's suspension; this court's January 9, 2026, order suspending respondent pending this matter's resolution and directing him to show cause why he should not be suspended for two years and one day in reciprocity with Virginia; the statement of Disciplinary Counsel requesting the imposition of substantially different discipline in the form of a two-year and one-day suspension with a fitness requirement; and it appearing that respondent has not filed a response to this court's order or Disciplinary Counsel's statement and has not filed his D.C. Bar. R. XI, § 14(g) affidavit, it is

ORDERED that Vaughan C. Jones is hereby suspended from the practice of law in the District of Columbia for two years and one day with a fitness requirement for reinstatement. *See In re Williams*, 3 A.3d 1179, 1185 (D.C. 2010) (explaining that when Disciplinary Counsel seeks the substantially different discipline of a fitness requirement, "it bears the burden of proving that there is clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law" (internal quotation marks omitted)); *see also In re Gonzalez*, 318 A.3d 1208, 1218 (D.C. 2024) (explaining that "one circumstance that warrants imposing a condition on the resumption or continuation of practice is repeated neglect of client

No. 25-BG-1130

matters or a repeat of misconduct of the type for which a respondent was previously disciplined" (internal quotation marks omitted)). It is

FURTHER ORDERED that, for purposes of reinstatement, respondent's suspension will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**